UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRA SALUDARES,<br><br>        Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>        Defendant. | Case No. 23-cv-02325-VC<br><br>**GRANTING MOTION TO REMAND**<br>Re: Dkt. No. 13 |

       This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties. Costco failed to carry its "heavy burden" of demonstrating that Juan A. and Jesus Doe were fraudulently joined. *Grancare LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Costco argues that claims against Jesus Doe and Juan A. cannot succeed because the two employees were merely present and thus cannot be liable for failure to prevent the accident. But Saludares has alleged more than presence: In the complaint, she alleges that an employee placed a pallet jack behind her and did not warn her about it, causing her to fall. In her application to amend the complaint upon learning the full names of Juan A. and Jesus Doe, she states that Jesus Doe was involved in the incident, and she submits an incident report suggesting the same.

       Costco further contends that Saludares's inability to specify the full names and addresses of these defendants supports fraudulent joinder. But it is the defendant's responsibility, not the plaintiff's, to show that removal jurisdiction exists—Costco could have provided evidence that Juan A. and Jesus Doe were uninvolved in the incident or that they are citizens of another state,

but it did not. Moreover, fraudulent joinder applies only where "any deficiency in the complaint cannot possibly be cured by granting the plaintiff leave to amend." *Nido v. Nationwide Mutual Insurance Co.*, 2020 WL 3572703, at *1 (N.D. Cal. Aug. 19, 2022). Thus, any "doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." *Vindum v. Safeco Insurance Co. of America*, 2022 WL 5089743, at *1 (N.D. Cal. Oct. 5, 2022).

Finally, Costco seems to invoke the rule that Doe defendants should not be considered for purposes of diversity jurisdiction. 28 U.S.C. §§ 1441(b)(1). It's true that you can't defeat diversity simply by naming a Doe defendant, not giving any clue as to their identity, not describing their involvement, and intoning that they're a citizen of the same state as the plaintiff. But that rule doesn't apply where a plaintiff identifies a particular person alleged to have engaged in specific actionable conduct, and merely doesn't know their true name. *See, e.g.*, *Johnson v. Starbucks Corp.*, 475 F.Supp.3d 1080, 1084 (C.D. Cal. July 30, 2020) ("Because the FAC alleges sufficient facts regarding Doe Defendants to establish they are real parties with a relationship to this action and not wholly fictitious, their California citizenship should not be disregarded."); *Robinson v. Lowe's Home Centers, LLC*, 2015 WL 13236883, at *3 (E.D. Cal. Nov. 13, 2014) (finding that Doe defendants destroy diversity if "the allegations concerning Doe Defendants provide a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship"). *But see, e.g.*, *Goldsmith v. CVS Pharmacy, Inc.*, 2020 WL 1650750, *4 (C.D. Cal. Apr. 3, 2020); *Rojas ex rel. Rojas v. Sea World Parks & Entertainment, Inc.*, 538 F.Supp.3d 1008, 1022–23 (S.D. Cal. May 10, 2021).[1]

Accordingly, the motion to remand is granted. The Clerk shall remand the case to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

---

[1] It bears noting Saludares has asked Costco repeatedly, to no avail, to identify and provide information about the employees named in the incident report. Costco's failure to come forward with the relevant information makes its opposition to the motion to remand particularly difficult to swallow. After all, the burden is on Costco to demonstrate that diversity exists.

Dated: August 4, 2023

_____
VINCE CHHABRIA
United States District Judge